Deborah P. SIMMONS, POA and Beneficiary of Roosevelt Purnell, Jr., Plaintiff–Appellant

v.

CITY OF COLUMBUS; Rick Jones; Heath Beard; Lisa Younger Neese, In Her Official Capacity as the Chancery Clerk of Lowndes County, Mississippi; Harry S. Sanders, In His Official Capacity as President of the Lowndes County Board of Supervisors; C.B. Howard, In His Official Capacity as Sheriff of Lowndes County, Mississippi; Lowndes County, Mississippi, Defendants–Appellees.

No. 10–60423.

United States Court of Appeals, Fifth Circuit.

May 11, 2011.

Elizabeth Unger Carlyle, Columbus, MS, for Plaintiff–Appellant.

William Thomas Siler, Jr., Esq., Mark D. Fijman, Phelps Dunbar, L.L.P., Jackson, MS, Katherine Searcy Kerby, Esq., Kerby Law Firm, L.L.C., Columbus, MS, for Defendants–Appellees.

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

After reviewing the record, studying the briefs, and hearing oral argument, we affirm the judgment of the district court essentially for the same reasons given in the district court's April 27, 2010, Opinion Granting County Defendants' Motion for Summary Judgment, and in the district court's April 27, 2010, Opinion Granting Municipal Defendants' Motion for Summary Judgment.

■ The plaintiff appeals the district court's decision that the defendants were entitled to summary judgment on her § 1983 claim, which alleged that the defendants were deliberately indifferent to her brother's serious medical needs while he was a pretrial detainee in the defendants' custody, in violation of the Fourteenth Amendment's Due Process Clause. To show that a pretrial detainee's right to adequate medical care was violated requires the plaintiff to establish, among other things, "that the prison official had a culpable state of mind—that the official was deliberately indifferent to inmate health or safety." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 648 (5th Cir.1996) (en banc) (citing *Farmer v. Brennan,* 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The plaintiff must show that the officials "had gained actual knowledge of the substantial risk ... and responded with deliberate indifference." *Id.* at 650. Here, as the district court thoroughly explained, the undisputed summary-judgment evidence showed that the City and the County officers were unaware that the plaintiff's brother was suffering from a subdural hematoma, described in the rec-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ord as an "invisible brain bleed." Therefore, the plaintiff failed to demonstrate that the "officers ... had gained actual knowledge of" her brother's serious medical needs, and accordingly, failed to show that her brother's constitutional rights were violated. *See id.*

Further, the plaintiff's opening brief abandons any challenge to the district court's determination that the only individually-named defendants in this suit are sued in their official capacities and the plaintiff acknowledged at oral argument that the individually-named defendants are sued in their official capacities. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.... Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (citations and internal quotation marks omitted). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). The plaintiff's summary-judgment evidence failed to show that a policy or custom of the defendants was the moving force of the alleged constitutional violation here, *viz.*, that the plaintiff's deceased brother's serious medi-

cal needs were met with deliberate indifference on the part of the confining officials.

Accordingly, the district court did not err in granting summary judgment for the defendants on the plaintiff's § 1983 deliberate indifference claim, and we AFFIRM.